**In The United States District Court**
**For The District of Maryland**
**(Northern Division)**

| | |
|---|---|
| National Target, Inc.<br>119 Roesler Rd<br>Glen Burnie, MD 21060<br><br>             Plaintiff,<br>v.<br><br>Robert W. Firestein<br>12256 Summer Sky Path<br>Clarksville, MD 21029<br><br>and<br><br>American Sportsman Corporation<br>d/b/a Sportsman Targets<br>12256 Summer Sky Path<br>Clarksville, MD 21029<br><br>             Defendants. | § § § § § § § § § § § § § § § § § § § § § §<br><br>Case No. _____ |

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff National Target, Inc. ("Plaintiff" or the "Company"), by and through its undersigned counsel, hereby files this Verified Complaint and Demand for Jury Trial against Defendants Robert W. Firestein ("Firestein") and American Sportsman Corporation d/b/a Sportsman Targets ("American Sportsman," and together with Firestein, "Defendants"), and in support thereof states as follows:

### JURISDICTION AND VENUE

1.      Plaintiff is National Target, Inc., a company with its principal place of business in Glen Burnie, Maryland, that manufactures and sells shooting targets and related products, including under license from the National Rifle Association of America ("NRA").

2.      Defendant Robert W. Firestein is a former employee of Plaintiff who, upon information and belief, resides in Clarksville, Maryland.  Firestein was employed by Plaintiff as General Manager, a position of trust in which he had access to all of Plaintiff's confidential and proprietary business information, customer and vendor relationships, and licensed product designs.

3.      Defendant American Sportsman Corporation is, upon information and belief, a Maryland corporation with its principal office at 12256 Summer Sky Path, Clarksville, Maryland 21029, doing business as Sportsman Targets.  American Sportsman Corporation now operates a business, doing business as Sportsman Targets, that directly competes with Plaintiff, including through the website sportsmantargets.com.

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises, in part, under the laws of the United States, including the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq. and the Lanham Act, 15 U.S.C. § 1051 et seq. (see 28 U.S.C. § 1338(a)-(b)). This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy.

5.      This Court has personal jurisdiction over Defendants because, upon information and belief, Firestein resides in the State of Maryland and American Sportsman Corporation is a Maryland corporation with its principal office in Maryland, and because the unlawful conduct alleged herein occurred substantially within the State of Maryland.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District, Firestein resides

2

in this District, American Sportsman Corporation's principal office is located in this District, and Firestein was employed by and performed services for Plaintiff in this District.

## BACKGROUND FACTS

7.      Plaintiff operates a target manufacturing and sales business and is one of only four companies nationwide licensed by NRA to manufacture and sell certain competition, training, and recreational shooting targets using specific artwork and designs owned or controlled by NRA (the "NRA-Licensed Designs").  Plaintiff's relationship with NRA, and its ability to use the NRA-Licensed Designs, is a valuable and integral part of Plaintiff's business.

8.      As General Manager, Firestein exercised comprehensive authority over all aspects of Plaintiff's business, including its core business development, strategic market planning and proprietary commercial operations.  Given his role, Firestein possessed access to highly sensitive, confidential company data, including financial data, specialized market research, strategic quarterly and annual market plans, client satisfaction metrics, critical CRM data, customer lists and order histories, vendor and licensing relationships (including with NRA and with the Company's manufacturing and printing vendors), pricing information, and product designs, including the NRA-Licensed Designs, positioning him at the center of the organization's competitive framework and client relationships.

9.      In connection with his position, Firestein was required to sign a Confidentiality, Non-Competition and Mutual Arbitration Agreement dated September 11, 2023 (the "Agreement"), setting forth, among other things, restrictions on Firestein's use and disclosure of Plaintiff's confidential information and on competing with or soliciting Plaintiff's customers following the end of his employment.  Firestein acknowledged the requirement that he sign the Agreement; however, Plaintiff has not located the signed copy.

10. As an executive-level employee and leader of Plaintiff entrusted with Plaintiff's confidential business information and its customer and vendor relationships, Firestein owed Plaintiff fiduciary duties of loyalty, good faith, and fair dealing, including the duty not to compete with Plaintiff while employed, not to divert Plaintiff's business opportunities to himself, and not to use Plaintiff's confidential information for his own benefit or for the benefit of a competing enterprise.

11. On May 27, 2026, while still employed by Plaintiff, Firestein incorporated Defendant American Sportsman Corporation with the Maryland State Department of Assessments and Taxation, using his home address as the corporation's principal office and designating himself as its resident agent. From its inception, American Sportsman Corporation was a direct competitor of Plaintiff, directly targeting Plaintiff's customers, vendors, business relations and business; however, Firestein continued to work for Plaintiff and maintain his role as a key executive and primary contact with critical customers, vendors and business contacts, all while competing with Plaintiff and stealing its information and business without Plaintiff having any idea this was occurring.

12. On that same day, May 27, 2026, a complete export of Plaintiff's website customer/user records was run by Firestein from Plaintiff's e-commerce platform. On July 29, 2026, weeks after he started working in competition with Plaintiff, and only days before Firestein quit without any warning or notice on August 2, he conducted another export of Plaintiff's entire customer order history, encompassing approximately 6,446 individual order records containing customer names, contact information, customer histories, preferences, pricing, discounts, order details, including all of the business and contact information for its Telemetric target line, and its

4

NRA-Licensed Designs business, and all of the information needed to seamlessly transfer Plaintiff's business and customers to Defendants.

13. Firestein caused these exports, using his access to Plaintiff's systems as an executive employee, for the purpose of using Plaintiff's customer and order information in connection with American Sportsman Corporation's competing business.

14. Sportsman Targets' website markets and offers for sale targets bearing product names, descriptions, and designs that are the same as, or confusingly similar to, the NRA-Licensed Designs that Plaintiff is authorized to produce and sell, without authorization from Plaintiff or, upon information and belief, from NRA.

15. On July 15, 2026, Plaintiff's executive team developed an internal status update and action plan concerning Plaintiff's business performance, including Plaintiff's revenue, growth, future plans, and cash flow position, its relationships with retail partners, and other critical details of its business history and future plans (the "Status Update"). Firestein forwarded the Status Update, and the highly sensitive confidential information contained within it, from his Company email account to a third party who is not employed by or affiliated with Plaintiff. Upon information and belief, Firestein misappropriated this information to use for Defendants, as they set up to compete with Plaintiff.

16. Plaintiff's business also includes a product line of "Telemetric" targets, the underlying design for which was created by a third party, Mark Cargill, with whom Plaintiff has had a long-standing arrangement under which Plaintiff sells the Telemetric targets and pays Cargill a royalty on sales.

17. On or about July 16 and 17, 2026, while still employed by Plaintiff as a trusted executive, Firestein sought to transfer the Telemetric target business and its revenue from

Plaintiff to Defendants.  Firestein participated in a call with Cargill in which Firestein: (a) falsely represented that Plaintiff planned to drop the Telemetric target product line, citing what he falsely claimed to be Plaintiff's limitations; (b) advised that the Telemetric target product line should be moved to a different printer with which Firestein is personally involved (upon information and belief, Defendant American Sportsman Corporation) to replace Plaintiff; (c) discussed expanding the Telemetric product line into new markets, including Canada and the European Union, for Defendants; (d) discussed adding additional target designs to the Telemetric line; and (e) confirmed that the existing royalty approach was acceptable, but the royalty checks should be sent to Firestein at his personal home address rather than to Plaintiff.  Firestein was not authorized by Plaintiff to transfer its Telemetric line to his own personal business interests.

18.     Upon information and belief, Firestein also used his position and access to divert Plaintiff's relationship with a Company manufacturing/printing vendor Plaintiff used to create certain NRA targets, while stealing thousands of dollars of specialized product that Plaintiff had stored with this vendor.  Upon information and belief, Defendants are using this product to create targets to compete with Plaintiff's targets.  Firestein has also worked to transfer Plaintiff's licensing relationship with NRA away from Plaintiff and to Defendants, including by continuing to correspond with NRA representatives from his Company email account without disclosing to NRA that he was no longer authorized to represent Plaintiff, no longer licensed to create or sell NRA targets, or that he had formed a competing business.

19.     In addition, Defendants are marketing and selling targets derived from or substantially similar to Plaintiff's target artwork, production files, templates, and other non-NRA designs, including designs acquired by Plaintiff as part of its acquisition of National Target's assets. These designs were confidential business assets to which Firestein had access during his

employment and were not authorized for Defendants' use.  Upon information and belief, Defendants have used, copied, modified, and/or created derivative works from Plaintiff's artwork, production-ready design files, templates, and digital assets, including both NRA-licensed designs and Plaintiff's independently owned non-licensed target designs, to manufacture and market competing products.

20.     On August 7, 2026, through undersigned counsel, Plaintiff sent Firestein a written demand that he cease and desist from the conduct described herein, return and cease use of Plaintiff's confidential information and property, and cease soliciting Plaintiff's customers and vendors.  A follow up letter was sent on August 12, 2026.  Defendants have not substantively responded or taken any steps to comply.

21.     As a direct and proximate result of Defendants' conduct described herein, Plaintiff has suffered, and continues to suffer, irreparable harm to its business, customer relationships, vendor and licensing relationships, and goodwill, for which Plaintiff has no adequate remedy at law.

## COUNT I – BREACH OF FIDUCIARY DUTY AND DUTY OF LOYALTY
### *(Defendant Firestein)*

22.     Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through 21 above.

23.     As an executive employee entrusted with Plaintiff's confidential business information and its customer, vendor, and licensing relationships, Firestein owed Plaintiff fiduciary duties of loyalty, good faith, and fair dealing.

24.     Firestein breached these duties by, among other things: incorporating a directly competing business while still employed by Plaintiff; exporting and retaining Plaintiff's confidential customer and order data; discussing and arranging for the diversion of Plaintiff's

7

Telemetric product line and vendor relationship to a competing operation; disclosing Plaintiff's confidential financial and strategic information to a third party outside the Company; and using his access to Plaintiff's vendor and licensing relationships, including with NRA, to benefit his competing business.

25. As a direct and proximate result of Firestein's breaches of fiduciary duty, Plaintiff has been damaged, and continues to be damaged, in an amount to be determined at trial.

### COUNT II – MISAPPROPRIATION OF TRADE SECRETS UNDER THE DEFEND TRADE SECRETS ACT *(18 U.S.C. § 1836 et seq.)* *(Defendants Firestein and American Sportsman)*

26. Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through 25 above.

27. Plaintiff is the owner of valuable trade secrets used in, or intended for use in, interstate commerce, including its customer lists and order histories, pricing information, vendor and licensing relationships and terms, and business and financial plans (the "Trade Secrets").

28. The Trade Secrets derive independent economic value from not being generally known to, or readily ascertainable by proper means by, Plaintiff's competitors.

29. Plaintiff took reasonable measures to protect the secrecy of the Trade Secrets, including restricting access to its systems to employees with a business need, password-protecting its systems to those with a business need to access the information, and requiring employees to sign a Confidentiality, Non-Competition and Mutual Arbitration Agreement (though it cannot locate Firestein's signed copy).

30. Firestein acquired the Trade Secrets by virtue of his confidential employment relationship with Plaintiff and, upon information and belief, Defendants have used and disclosed, and threaten to continue to use and disclose, the Trade Secrets for the benefit of Firestein and American Sportsman, without Plaintiff's authorization.

31.     Defendants' misappropriation of the Trade Secrets was willful and malicious.

32.     As a direct and proximate result, Plaintiff has been damaged, and Defendants have been unjustly enriched, in amounts to be determined at trial, and Plaintiff is entitled to injunctive relief, damages, exemplary damages, and attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3).

**COUNT III – MISAPPROPRIATION OF TRADE SECRETS UNDER THE MARYLAND UNIFORM TRADE SECRETS ACT**
*(Md. Code Ann., Com. Law § 11-1201 et seq.)*
*(Defendants Firestein and American Sportsman)*

33.     Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through 32 above.

34.     Plaintiff is the owner of valuable trade secrets, as described above, which derive independent economic value from not being generally known to, or readily ascertainable by proper means by, Plaintiff's competitors, and Plaintiff took reasonable steps under the circumstances to maintain their secrecy.

35.     The Trade Secrets were acquired by Firestein as a result of his confidential relationship with Plaintiff, and, but for that relationship, Defendants would not have obtained this information. Plaintiff's confidential and proprietary information has been retained, used, and disclosed without authorization, to Plaintiff's detriment.

36.     Defendants' conduct constitutes misappropriation within the meaning of Md. Code Ann., Com. Law § 11-1201(c).

37.     As a direct and proximate result, Plaintiff has been damaged, and continues to be damaged, and is entitled to injunctive relief, damages, exemplary damages, and attorneys' fees under Md. Code Ann., Com. Law §§ 11-1203 through 11-1205.

**COUNT IV – VIOLATION OF THE MARYLAND COMPUTER CRIMES ACT**
*(Md. Code Ann., Crim. Law § 7-302) (Defendant Firestein)*

38.     Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through 37 above.

39.     Plaintiff's website and order-management systems constitute a "computer," "computer network," "computer system," and/or "computer database" within the meaning of Md. Code Ann., Crim. Law § 7-302(a).

40.     Upon information and belief, Firestein intentionally, willfully, and without authorization accessed, or exceeded his authorized access to, Plaintiff's computer systems and database, including by exporting Plaintiff's complete order and customer database on July 29, 2026, at a time when due to him working for and competing on behalf of Defendants without disclosing this to Plaintiff.  His access should have been terminated, and/or by accessing information outside the scope of access his role permitted at that time, and exporting and possessing the contents thereof, he violated Md. Code Ann., Crim. Law § 7-302(c).

41.     Plaintiff has suffered a specific and direct injury as a result of this violation, including the value of the misappropriated data and the reasonable expense incurred in investigating and responding to Firestein's unauthorized access.

42.     Plaintiff is entitled to actual damages and reasonable attorneys' fees and costs pursuant to Md. Code Ann., Crim. Law § 7-302(g); a conviction under this section is not a prerequisite to this civil action.

**COUNT V – FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING**
*(Lanham Act § 43(a), 15 U.S.C. § 1125(a))*
*(Defendants Firestein and American Sportsman)*

43.     Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through 42 above.

10

44.     In marketing and selling targets under product names and designs referencing NRA, Defendants have made false or misleading representations of fact that are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of American Sportsman with NRA, or as to the sponsorship, approval, or certification of American Sportsman's goods by NRA.

45.     Defendants' representations misrepresent the nature, characteristics, and qualities of American Sportsman's goods, in commercial advertising and promotion, in violation of 15 U.S.C. § 1125(a)(1)(B).

46.     Plaintiff, as a direct competitor and an actual NRA-authorized manufacturer, has been and will continue to be damaged by Defendants' false and misleading representations, including through diversion of sales and injury to Plaintiff's business reputation and its relationship with NRA.

47.     Plaintiff is entitled to injunctive relief, damages, disgorgement of Defendants' profits, and attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT VI – TORTIOUS INTERFERENCE WITH BUSINESS AND CONTRACTUAL RELATIONS
### (Defendants Firestein and American Sportsman)

48.     Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through 47 above.

49.     Plaintiff had existing and prospective business relationships with, among others, NRA, Mark Cargill, its manufacturing and printing vendors, and its customers.

50.     Defendants had knowledge of these relationships and intentionally and improperly interfered with them, including by diverting the Telemetric product line and royalty relationship, marketing competing products using Plaintiff's licensed designs and customer

information, and communicating with NRA and Plaintiff's vendors for the benefit of American Sportsman.

51.     Defendants' interference was accomplished through improper means, including breach of fiduciary duty and misappropriation of Plaintiff's confidential information and trade secrets.

52.     As a direct and proximate result, Plaintiff has been damaged, and continues to be damaged, in an amount to be determined at trial.

## COUNT VII – CONVERSION
### *(Defendants Firestein and American Sportsman)*

53.     Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through 52 above.

54.     Plaintiff owned, had legal possession of, and was entitled to immediate possession of its confidential customer, order, financial, and business information and other Company property.  Likewise, Plaintiff had legal possession and control over raw product stored with a vendor used to make targets.

55.     Defendants assumed and exercised dominion and control over this property in an unlawful and unauthorized manner, inconsistent with and to the exclusion of Plaintiff's rights, and have refused Plaintiff's demand for its return.

56.     As a direct and proximate result, Plaintiff has suffered, and continues to suffer, damages and loss.

## COUNT VIII – UNFAIR COMPETITION
### *(Defendants Firestein and American Sportsman)*

57.     Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through 56 above.

58.     Defendants have damaged and jeopardized Plaintiff's business through fraud, deceit, trickery, and other unfair methods, including by Firestein's false representations to Mark Cargill that Plaintiff intended to discontinue the Telemetric product line, made in order to induce Cargill to divert that business and its associated royalty relationship to Firestein and American Sportsman; Firestein's concealment from NRA of his competing business and his lack of continued authority to represent Plaintiff; and Defendants' use of Plaintiff's misappropriated confidential information and the NRA-Licensed Designs to unfairly compete with Plaintiff in the marketplace.

59.     This conduct exceeds the bounds of legitimate competition and the privilege afforded a departing employee to make preparations to compete, and instead constitutes fraudulent, unfair, and wrongful conduct actionable under Maryland common law.

60.     As a direct and proximate result, Plaintiff has suffered, and continues to suffer, damage to its business, business relationships, and goodwill, in an amount to be determined at trial.

## COUNT IX – UNJUST ENRICHMENT
### *(Defendants Firestein and American Sportsman)*

61.     Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through 60 above.

62.     Defendants have wrongfully secured a benefit, including Plaintiff's misappropriated confidential and proprietary information, customer relationships, and business opportunities, as well as the product used to make targets, which it would be inequitable for Defendants to retain without payment of its value to Plaintiff.

63.     As a direct and proximate result, Plaintiff has suffered, and continues to suffer, damages and loss, and Defendants have been unjustly enriched.

**COUNT X – ACCOUNTING**
*(Defendants Firestein and American Sportsman)*

64.     Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 through 63 above.

65.     Defendants have obtained profits, compensation, and other financial benefits as a direct result of their wrongful use of Plaintiff's confidential information, trade secrets, and business opportunities, including compensation and profits Firestein has received from American Sportsman since he began working for, or on behalf of, American Sportsman in competition with, and against the interests of, Plaintiff.

66.     The precise amount of profits, compensation, and other financial benefits Defendants have derived from this wrongful conduct is presently unknown to Plaintiff and cannot be ascertained without a full and complete accounting of Defendants' books, records, and financial transactions relating to American Sportsman's business since its formation on May 27, 2026.

67.     Plaintiff has no adequate remedy at law to determine the full extent of Defendants' unjust enrichment and is entitled to an equitable accounting of all revenues, profits, compensation, and other financial benefits obtained by Defendants as a result of the conduct described herein.

WHEREFORE, Plaintiff National Target, Inc. respectfully prays for the following relief with respect to Defendant Firestein:

- That this Court temporarily, preliminarily and permanently enjoin Firestein from directly or indirectly, through American Sportsman or otherwise, using or disclosing Plaintiff's confidential, proprietary, and trade secret information, including its customer lists, order data, pricing, and vendor and licensing information;

- That this Court temporarily, preliminarily and permanently enjoin Firestein from soliciting or servicing any customer, vendor, or licensing relationship of Plaintiff, including Plaintiff's relationships with NRA and Mark Cargill;

- That this Court temporarily, preliminarily and permanently enjoin Firestein from manufacturing, marketing, or selling, directly or indirectly, any product using or embodying the NRA-Licensed Designs or any of Plaintiff's trade secrets;

- That this Court order Firestein to return to Plaintiff, within twenty-four (24) hours, all of Plaintiff's documents, data, and other property in his possession, custody, or control, together with a signed certification that he has done so and retains no copies;

- That this Court order Firestein to preserve all information stored on his computers, phones, and other electronic storage devices and accounts, including cloud storage, and to provide a list of all such devices and accounts;

- That this Court grant Plaintiff the right to conduct, through a qualified forensic expert, an inspection of Firestein's and American Sportsman's computers, phones, and other electronic storage devices and accounts;

- That Firestein be forced to disgorge and return to Plaintiff all compensation received by him from Plaintiff, starting with the date on which he began competing with Plaintiff on behalf of Defendants;

- That Firestein be required to disgorge and pay over to Plaintiff all compensation, profits, and other remuneration he has received from American Sportsman, or otherwise in connection with his competing business, from the date he began working for or on behalf of American Sportsman and against the interests of Plaintiff;

- That Firestein be required to provide a full and complete accounting of all revenues, profits, compensation, and other financial benefits derived from American Sportsman's business since its formation on May 27, 2026;

- That Plaintiff be awarded all compensatory, consequential, and, where permitted by law, exemplary and punitive damages, plus pre- and post-judgment interest; and

- That Plaintiff be awarded the costs of bringing this action, including reasonable attorneys' fees, and such other relief as this Court deems just and appropriate.

WHEREFORE, Plaintiff National Target, Inc. respectfully prays for the following relief with respect to Defendant American Sportsman Corporation:

- That this Court temporarily, preliminarily and permanently enjoin American Sportsman from employing or engaging Firestein in any capacity that would violate the relief granted against Firestein above;

- That this Court temporarily, preliminarily and permanently enjoin American Sportsman from soliciting or servicing any customer, vendor, or licensing relationship of Plaintiff, including Plaintiff's relationships with NRA and Mark Cargill;

15

- That this Court temporarily, preliminarily and permanently enjoin American Sportsman from using, disclosing, or benefiting from Plaintiff's confidential, proprietary, and trade secret information, or the NRA-Licensed Designs;

- That this Court order American Sportsman to return to Plaintiff, within twenty-four (24) hours, all of Plaintiff's documents, data, and other property in its possession, custody, or control, together with a signed certification that he has done so and retains no copies;

- That this Court order American Sportsman to return to Plaintiff, or destroy with proof of destruction, all of Plaintiff's confidential information and materials in its possession, custody, or control;

- That American Sportsman be required to provide a full and complete accounting of all revenues, profits, compensation, and other financial benefits derived from its business since its formation on May 27, 2026;

- That Plaintiff be awarded all compensatory, consequential, and, where permitted by law, exemplary and punitive damages, and disgorgement of American Sportsman's profits, plus pre- and post-judgment interest; and

- That Plaintiff be awarded the costs of bringing this action, including reasonable attorneys' fees, and such other relief as this Court deems just and appropriate.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Date: August 13, 2026

Respectfully submitted,

**OFFIT KURMAN, P.A.**

*/s/ Scott V. Kamins*
Scott V. Kamins, Esq.
Offit Kurman, P.A.
7021 Columbia Gateway Drive, Suite 200
Columbia, MD 21046
Tel.: (301) 575-0300
Fax: (301) 575-0335
Email: skamins@offitkurman.com
*Counsel for Plaintiff*

## **VERIFICATION**

I, Nelson Anderson, am President of Plaintiff National Target, Inc. and am authorized to make this verification on Plaintiff's behalf. I have read the foregoing Verified Complaint and Demand for Jury Trial and know the contents thereof. The factual allegations contained therein are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: August 13, 2026

_____

Nelson Anderson, President
National Target, Inc.

4905-8487-6743, v. 1

17